Chris Johansen
308 G St. Ste. 213
Anchorage, AK 99501
PHN: 907-2741121
attorney1152@yahoo.com

Attorney for Debtor(s)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| In re:                                    | Case No. 14-339                    |
|-------------------------------------------|------------------------------------|
| Malapad Adonis and William Adonis         | CHAPTER 13 PLAN                    |
|                                           | ☑ Original    ☐ Amended            |
|                           Debtor(s)       | Dated: 9/24/14                     |

The debtor(s) propose(s) the following Chapter 13 plan:

1. **Payments to Trustee**: The debtor(s) will pay to the trustee:

(a) *Monthly payments* in the amount of 1,000, commencing on Oct. 20, 2014 (not later than 30 days after the petition is filed) and continuing on the same day of each month thereafter for the applicable commitment period of ☐ three years ☐ five years or for 60 months;

(b) *Permanent Fund Dividends* received each year during the commitment period;

(c) *Tax Refunds*: Debtor(s) ☑ COMMIT(S) ☐ DOES(DO) NOT COMMIT all tax refunds to funding the plan. Tax refunds will be paid in addition to the plan payments stated above. *If no selection is made, tax refunds are committed.*

(d) *Additional payments* of          each (     in number), totaling     $0     , to be paid as follows:

2. **Trustee's Distributions to Creditors**: From the payments so received, the trustee will make disbursements in the following order (unless otherwise noted in paragraph 2(i)).

(a) *Allowed administrative expenses of the trustee* as provided by 11 U.S.C. § 507(a)(1)(C) in the amount of ten percent (10%), or the percentage set from time to time by the Attorney General of the United States, under 28 U.S.C. § 586(e).

(b) *Allowed unsecured claims for domestic support* as provided by 11 U.S.C. § 507(a)(1).

(c) *Allowed Expenses of Administration* as provided by 11 U.S.C. § 507(a)(2), including: 750 in estimated attorneys fees and costs for the debtor's attorney.

(d) *Cure of Arrearage on Secured Claims That Are Not Modified*: Arrearage on secured creditor's claims that are duly filed and allowed, and are not modified, estimated as follows:

(f) *Secured Claims Not Modified*. Distributions to secured creditors whose claims are duly filed and allowed, but are not modified and not paid directly by debtor under paragraph 3, in accordance with the contract terms as follows:

| Creditor/Collateral | Estimated Balance | Number of Payments | Estimated Payment | Interest Rate |
|---|---|---|---|---|
| GM Financial | 8,865 | 40 | 264 | 10 |
| Collateral: 2008 Dodge | | | | |
| Southern Cascades | 11,396 | 33 | 399 | 10 |
| Collateral: 07 Chev Silverado | | | | |
| | | | | |
| Collateral: | | | | |

(g) *Allowed Priority Unsecured Claims* in the order and in the amount prescribed by 11 U.S.C. § 507(a)(3) - (a)(9) including the following estimated tax claims:

| Tax Creditor | Type of Tax | Year | Amount |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Debtor(s) will check the following correct answer:

☑ Yes, I/we have filed all required tax returns.    ☐ No, I/we have not filed all required tax returns.

(h) To *Unsecured Non-priority Claims* that are duly filed and allowed, the balance of the debtor's plan payments will be distributed pro-rata.

(i) *Alternate Payment Instructions to Trustee*:

☐ Payments under paragraphs 2(b), (c), and (g) are to be made in equal installments over the commitment period.

☐ Payments under paragraph 2(h) are to be made concurrently with payments made under paragraphs 2(a) – (f).

☐ Other (specify)

3. **Secured Claims Not Modified**: The following creditors' claims are fully secured, are not modified, will be paid directly by the debtor(s) outside the Plan under the original contract terms, and will receive no distributions under Paragraph 2 (except distributions set out in paragraph 2(d) above):

CHAPTER 13 PLAN [Dated                ]          3

7. **Retention of Security Interests and Revesting of Property**: Secured creditors will retain their liens until the claims as determined under applicable nonbankruptcy law have been paid in full or a discharge is entered under 11 U.S.C. § 1328 as provided by 11 U.S.C. § 1325(a)(5)(B). Except as provided in this plan or in the order confirming the plan, upon confirmation of this plan all of the property of the estate vests in the debtor(s) free and clear of any claim or interest of any creditor provided for by this plan under 11 U.S.C. § 1327.

8. **Orders Granting Relief From Stay**. If at any time during the life of this plan, an order terminating the automatic stay is entered, no distributions under this plan will be made to the creditor obtaining relief from stay until such time as the creditor files an amended proof of claim. The allowed claim for a deficiency will be treated as a general unsecured claim under paragraph 2(g).

9. **Plan Changes**: The court may after hearing, upon such notice as the court may designate, increase or reduce the amount or the time for payment where it appears that circumstances so warrant.

10. **Certification**. It is certified that the foregoing plan complies with the requirements of the applicable provisions of the Bankruptcy Code (title 11, United States Code), the Federal Rules of Bankruptcy Procedure, and the Alaska Local Bankruptcy Rules.

DATED:

s/ [signature]
Attorney for Debtor(s)

SIGNED UNDER PENALTY OF PERJURY.

s/ [signature]
, Debtor

s/ [signature]
, Debtor

CHAPTER 13 PLAN [Dated            ]

5

## PLAN ANALYSIS
(Numerical References are to Plan Paragraphs)

Monthly Income and Expenses:
    Monthly Income from Schedule I (excluding Alaska PFD)
    Monthly Expenses from Schedule J
    Difference (Schedule I <less> Schedule J)     $0

Debtor(s) Payments to Trustee:
    1(a) **1000** (Mo. Pymt.) x **60** (No. Pymts) =     **60,000**
    1(b) **2400** (Perm. Fund) x **5** (No. Years) =     **7,000**
    1(c)     (Tax Refund) x    (No. Years) =     $0
    1(d)     (Add'l Pymts) x    (No. Pymts) =     $0
         TOTAL PAYMENTS (Life of Plan):     **67,000**

Estimated Distributions by Trustee:
    2(a) Trustee's Commission (8% of the total plan payments)     **6,700**
    2(b) Domestic Support Obligations
    2(c) Unpaid Attorney's Fees and Costs     **750**
    2(c) Other Administrative (if known)
    2(d) Total Arrearages Secured Claims (Not Modified)
         (i) Residential Mortgage     **32,880**
         (ii) Other     $1
    2(e) Total Distributions Modified Secured Claims     $0
    2(f) Total Distributions Unmodified Secured Claims     **23,562**
    2(g) Priority: Taxes     $0
         Other
    2(h) Total Distributions Unsecured Claims     **3108**
         TOTAL DISTRIBUTIONS:     **67,000**

## DISPOSABLE INCOME DISTRIBUTION ANALYSIS
[Check ONE box as applicable and complete computation]

☐ Disposable Income determined under §1325(b)(3) [See Official Form 22C, Line 23]
Total Distributions Unsecured Claims (Line 2(h)) divided by 60     $0
Monthly Disposable Income (from Official Form 22C, Line 58)

☐ Disposable Income **not** determined under §1325(b)(3) [See Official Form 22C, Line 17 or 23]
Total Distributions Unsecured Claims (Line 2(h)) divided by   (months in commitment period)
[See Official Form 22C, Line 17]     $0
    Current Monthly Income [from Official Form 22C, Line 11]
    <less> Marital Adjustment [as defined in Official Form 22C, Line 19]
    <less> Support Income [as defined in Official Form 22C, Line 54]
    <less> Qualified Retirement Deduction [as defined in Official Form 22C, Line 55]
    <less> Monthly Expenses [from Official Form 6, Schedule J, Line 18]
    <less> Payroll Deductions [from Official Form 6, Schedule I, Line 5]
Monthly Disposable Income     $0

CHAPTER 13 PLAN [Dated     ]
6

## LIQUIDATION ANALYSIS
(Insert Amounts from Bankruptcy Schedules for A, B, D, and E, Below)

| | |
|---|---|
| A. Non Exempt Equity: in real property | |
|                        in personal property | |
| B. Value of Property Recoverable Under Avoiding Powers | |
| C. **Total Estate Equity** (sum of A & B above) | $0 |
| D. Total Priority Debt | $0 |
| E. Total Unsecured Debt | $1 |
| F. Estimated Chapter 7 Administrative Expenses | |
| G. Estimated Plan Dividend (Unsecured Creditors) | 0.0% |
| H. Estimated Chapter 7 Dividend (Unsecured Creditors) | 0.0% |

## SCHEDULE OF DEBTOR'S LEASE PAYMENTS, PAYMENTS TO SECURED CREDITORS AND DOMESTIC SUPPORT OBLIGATIONS

| Creditor/Nature of Claim | Estimated Balance | Number of Payments | Payment | Due Date |
|---|---|---|---|---|
| | | | | |

Claim

| Creditor/Nature of Claim | Estimated Balance | Number of Payments | Payment | Due Date |
|---|---|---|---|---|
| | | | | |

Claim

| Creditor/Nature of Claim | Estimated Balance | Number of Payments | Payment | Due Date |
|---|---|---|---|---|
| | | | | |

Claim